IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON T. SELF, | No. CIV S-10-2199-FCD-CMK |
| Plaintiff, | |
| vs. | |
| CHASE BANK, N.A., | |
| Defendant. | |
| _____/ | |
| BOB PERRY, | No. CIV S-10-2200-FCD-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| CHASE BANK, N.A., | |
| Defendant. | |
| _____/ | |

/ / /

/ / /

/ / /

/ / /

Plaintiffs, who are proceeding pro se, bring these related actions.  Pending before the court in both cases are defendant's motions to dismiss (Doc. 26 in case no. CIV S-10-2199-FCD-CMK and Doc. 25 in case no. CIV S-10-2200-FCD-CMK).[1]

## I.  BACKGROUND

Plaintiffs initiated these related actions  with nearly identical complaints, each alleging fraud in violation of the Securities Exchange Act of 1934.  Plaintiffs raise the following claims in both actions:

| | |
|---|---|
| Count I | Violation of the Glass-Steagall Act. |
| Count II | Securities fraud in violation of 15 U.S.C. § 6801. |
| Count III | Securities fraud in violation of 15 U.S.C. § 77q(a). |
| Count IV | Violation of the Trust Indenture Act. |
| Count V | Violation of the Securities Exchange Act of 1934. |
| Count VI | Criminal conspiracy in violation of 18 U.S.C. § 371. |
| Count VII | Rescission. |
| Count VIII | Scienter. |

Plaintiffs allege that they obtained lines of credit through a "Consumer Credit Application" offered by defendant.  According to plaintiffs, defendant engaged in unspecified "untruth[s] or omissions."  Plaintiffs also claim that defendant purchased "for plaintiff's account" an unknown number of shares in Fidelity funds at an unspecified price.  Plaintiffs each claim that

---

[1]      Also pending in case no. CIV S-10-2199-FCD-CMK are:  (1) plaintiff's motion to disqualify defense counsel (Doc. 31); (2) defendant's motion for sanctions (Doc. 32); (3) defendant's motion to strike (Doc. 36); (4) plaintiff's motion for partial summary judgment and to strike (Doc. 38); (5) plaintiff's motion to correct the record (Doc. 44); and (6) plaintiff's motion to strike (Doc. 45).  Also pending in case no. CIV S-10-2200-FCD-CMK are: (1) plaintiff's motion to disqualify defense counsel (Doc. 31); (2) defendant's motion for sanctions (Doc. 32); (3) defendant's motion to strike (Doc. 36); (4) plaintiff's motion for partial summary judgment and to strike (Doc. 39); (5) plaintiff's motion to correct the record (Doc. 46); and (6) plaintiff's motion to strike (Doc. 47).

1   "defendants wrongfully exercised control and dominion over plaintiff's brokerage account in

2   violation of express conditions given to defendants at the time that the account was opened."

3   Plaintiffs do not specify what these "express conditions" were.  Plaintiffs claim that, through the

4   "instrumentalities of interstate commerce and the mails, and the facilities of National Securities

5   Exchanges," defendant defrauded them by manipulating their accounts with "excessive sell and

6   buy orders in a manner disproportionate to its size, character, and the objectives of the

7   instructions of plaintiff[s], bought and sold securities within short period of time, switched

8   securities from one to another without any investment justification other than to generate

9   brokerage commissions. . . ."  Plaintiffs claim that defendant's conduct endangered their

10  investments.  They also assert that defendant's conduct was not "suitable to plaintiffs[']

11  purchasing objectives, financial situation, and needs."  Plaintiffs do not specify what their

12  objectives and needs were.  Plaintiffs also contend that defendant's written documentation

13  related to the investment offers failed to disclose that defendant was very profitable and that

14  defendant "encumbered the said fund and had accounts receivable of in excess of accounts

15  payable and other debts. . . ."

16

17                          **II.  DISCUSSION**

18       **A.    Defendant's Motions to Dismiss**

19              Defendant argues in both cases that plaintiffs do not state any claims upon which

20  relief can be granted.  In considering a motion to dismiss, the court must accept all allegations of

21  material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

22  court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

23  v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

24  738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

25  ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

26  395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

1  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

2  (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

3  lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

4            Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

5  the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

6  and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

7  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

8  failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

9  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

10  raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain

11  "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.  "A claim has

12  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

13  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at

14  1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

15  than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S.

16  at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

17  it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id.

18  (quoting Twombly, 550 U.S. at 557).

19            In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

20  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

21  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

22  documents whose contents are alleged in or attached to the complaint and whose authenticity no

23  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

24  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

25  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

26  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

1   1994).

2          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

3   amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

4   curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

5                  1.      Count I

6          In Count I, both plaintiffs seek to raise claims under the Glass-Steagall Act.  That

7   statute, however, was repealed by Congress in 1999 by the Graham-Leach-Bliley Act, 15 U.S.C.

8   § 6801, et seq.  Therefore, no claim can lie under the Glass-Steagall Act.  Count I in both actions

9   should be dismissed with prejudice.

10                 2.      Count II

11         In Count II, plaintiffs allege securities fraud under the Graham-Leach-Bliley Act.

12  Specifically, plaintiffs claim that defendant failed to adhere to "The Safeguard Rule."  Under this

13  statute, however, enforcement rests solely with federal governmental agencies.  See 15 U.S.C.

14  § 6805.  Because there is no private right of action under § 6805, Count II in both actions should

15  be dismissed with prejudice.

16                 3.      Count III

17         In Count III, plaintiffs allege violation of Sections 10(b) and 17q(a) of the

18  Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq.  Plaintiffs cannot maintain a claim

19  under Section 17q(a) because that provision provides no private right of action.  See In re

20  Washington Pub. Power Supply Sys. Sec. Litig., 823 F.2d 1349 (9th Cir. 1987 (en banc).  As to

21  plaintiffs' claim of securities fraud under Section 10(b), defendant argues: (1) no securities were

22  involved in plaintiffs' cases; (2) the claim is not presented with sufficient particularity; (3)

23  plaintiffs fail to state a claim for churning; and (4) plaintiffs fail to state a claim for insider

24  trading.

25  / / /

26  / / /

1        Defendant's first argument is dispositive of Count III.  The Securities Exchange

2    Act of 1934, by its very name, relates to trading of securities.  See 15 U.S.C. § 78b.  The

3    definition of "security" is set forth in § 78c(a)(10) and is quite lengthy and complicated.

4    Plaintiffs cannot allege any exchanges involving a "security" as that term is defined in the 1934

5    act.  Specifically, plaintiffs allege that they obtained lines of credit from defendant.  As defendant

6    correctly notes, there are no cases which conclude that a line of credit constitutes a security.  The

7    Supreme Court in Landreth Timber Co. v. Landreth, 471 U.S. 681 (1985), concluded that a

8    person who charges a meal to his credit card is not engaging in an exchange of a security.

9        Because there is no private right of action under Section 17q(a), and because no

10   securities were involved, as would be required for a claim of securities fraud under Section 10(b),

11   Count III in both actions should be dismissed with prejudice.

12         4.    Count IV

13        In Count IV, plaintiffs claim that defendant violated the Trust Indenture Act of

14   1939, 15 U.S.C. § 77aaa, et seq.  As defendant notes, however, plaintiffs do not point to any

15   particular provision of the action defendant allegedly violated, nor do they allege any injury.

16   Plaintiffs also fail to identify which debt security was allegedly subject to the Trust Indenture

17   Act.  Finally, as plead by plaintiffs, the court concludes that Count IV is incurably defective.  On

18   the one hand, plaintiffs allege that the act requires defendant to be a corporation with minimal

19   combined capital and surplus, but on the other hand allege that defendant "was very profitable

20   and business was continuing to expand. . . ."  To the extent plaintiffs support their claim in Count

21   IV by contending that defendant was not sufficiently capitalized, such an allegation is

22   inconsistent with plaintiffs' allegation that defendant was very profitable and had an expanding

23   business.  In other words, plaintiffs' claim in Count IV is internally incoherent and, put simply,

24   makes no logical sense.  Count IV in both actions should be dismissed with prejudice.

25   / / /

26   / / /

5.     Count V

In Count V, plaintiffs allege violation of Section 12 of the Securities Exchange Act of 1934.  Under Section 12(a), it is unlawful for a member, broker, or dealer to effect any transaction in any security . . . on a national securities exchange unless a registration is effective as to such security. . . ."  15 U.S.C. § 78l(a).  Section 12(b) describes the procedures for registration of securities.  As defendant guesses, it appears that plaintiffs claim in Count V relates that defendant sold them unregistered securities (presumably the Fidelity shares because, as discussed above, a line of credit cannot be considered a security).   However, as defendant notes, a registration statement was effective for the Fidelity shares as of the date of the transactions in question.[2]  Because plaintiffs cannot establish a necessary element of any claim under Section 12(a) – that the security was unregistered – Count V in both actions should be dismissed with prejudice.

6.     Count VI

In Count VI, plaintiffs allege "civil conspiracy" in violation of 18 U.S.C. § 371. This statute, however, relates to conspiracies to commit crimes against the United States only, and not private individuals.  Thus, there is no private right of action under this statute.  See Davis v. Ramen, 2008 WL 3970869, *3 (E.D. Cal. 2008).  For this reason, Count VI in both actions should be dismissed with prejudice.

/ / /

/ / /

/ / /

/ / /

---

[2]     This is established by Securities and Exchange Commission ("SEC") filings which defendant asks the court to judicially notice.  Because the court may take judicial notice of SEC filings, see Dreiling v. m. Express Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006), defendant's request for judicial notice should be granted and the court should take judicial notice of the Fidelity SEC filings.

7.    Counts VII and VIII

In Count VII, plaintiffs purport to plead a claim for rescission.  As defendant correctly notes, however, rescission is a remedy and not a separate theory of liability.  To the extent plaintiffs seek to assert an independent theory of liability in Count VII, the "claim" should be dismissed with prejudice in both cases.  Similarly, in Count VIII, plaintiffs purport to assert a theory of liability based on scienter.  Scienter, however, is not an independent theory of liability, but is an element of fraud.  Because there is no independent theory of liability based on scienter, the "claim" in Count VIII should also be dismissed with prejudice.  Finally, to the extent plaintiffs assert scienter as an element of their fraud claim, and to the extent they seek rescission as a remedy, for the reasons discussed above the court finds that there are no actionable bases of liability plead elsewhere in the complaint.  Thus, the issues of scienter and rescission are irrelevant.

**B.    Plaintiffs' Motions to Disqualify Defense Counsel**

Plaintiffs seek orders in both cases disqualifying defendant's counsel, Tammy Albarran, Esq., as attorney of record.  They accuse counsel of bias based on her representation of banking and financial institution clients in other actions.  As defendant notes in one of these related cases: "At no point, however, does Plaintiff explain how Ms. Albarran's legal experience is grounds for disqualification, how zealously representing her clients is inappropriate, or how the possession of unidentified 'insider information' is improper or a result of a conflict of interest."  The court agrees with defendant that plaintiffs' motions to disqualify are patently frivolous and should be denied in both cases.[3]

/ //

/ / /

/ / /

---

[3]    Because the court finds no basis to grant plaintiffs' motions to disqualify, there is no need to consider defendant's requests to strike plaintiffs' motions to disqualify.

C.    **Plaintiffs' Motions for Partial Summary Judgment**

In both cases, plaintiffs seek partial summary judgment.  Because, however, the court concludes that plaintiff cannot state any claims upon which relief can be granted, plaintiffs are not entitled to summary judgment/adjudication on any claim.  Plaintiffs' motions should be denied in both cases.

D.    **Plaintiffs' Motions to Correct the Record**

In these motions, plaintiffs essentially seek an extension of time to file further oppositions to defendant's motions to dismiss.  Plaintiffs argue that defendant filed motions for sanctions in an effort to confuse them and hinder their ability to file oppositions to the motions to dismiss.  Even if true, plaintiffs' motions for an extension of time come too late.  A review of the docket reflects that plaintiff's opposition to the motion to dismiss in case no. CIV S-10-2199-FCD-CMK was due by January 27, 2011.  See Local Rule 230(c) (requiring opposition to be served and filed no later than 14 days prior to the scheduled hearing).  Rather than spending time preparing an opposition, plaintiff instead prepared his motion for partial summary judgment and/or opposition to defendant's motion to dismiss, which the court has considered.  Thus, it appears that, contrary to plaintiff's suggestion, defendant's motion to strike – filed on January 7, 2011 – did not in fact hinder plaintiff's ability to prepare an opposition.  A similar procedural history is reflected by the docket in case no. CIV S-10-2200-FCD-CMK.  Simply put, no extensions of time are necessary as plaintiffs in both cases had an opportunity to present their arguments in opposition to defendant's motions, and the court has considered plaintiffs' filings.

F.    **Defendant's Motions for Sanctions**

Defendant seeks orders in both cases imposing monetary sanctions under Federal Rule of Civil Procedure 11, arguing that sanctions are warranted because plaintiffs presented complaints to this court which lacked any factual or legal bases and which were designed to harass defendant.  Defendant seeks sanction orders directing plaintiffs to pay defendant's reasonable attorney's fees and costs in both cases.

1    Under Rule 11, sanctions are designed to deter improper conduct.  <u>See</u> Fed. R.

2    Civ. P. 11(c)(4).  Sanctions under Rule 11 may be awarded where the court is presented with a

3    complaint which is "frivolous, legally unreasonable, or without factual foundation, or is brought

4    for an improper purpose."  <u>Estate of Blue v. County of Los Angeles</u>, 120 F.3d 982, 985 (9th Cir.

5    1997).  A complaint is frivolous if it is without factual foundation.  <u>See</u> <u>Zaldivar v. City of Los</u>

6    <u>Angeles</u>, 780 F.2d 823, 831 (9th Cir. 1986).  A complaint is also frivolous if it is legally

7    unreasonable.  <u>See</u> <u>id.</u>

8    Here, for the reasons discussed above, the court finds that plaintiffs' complaints

9    are indeed factually and legally frivolous.  For example, claims based on securities fraud are

10   factually frivolous where no securities were involved.  Similarly, claims asserting a private right

11   of action are legally frivolous where precedent clearly forecloses private rights of action on such

12   claims.  Therefore, sanctions are appropriate based on plaintiffs' filing of frivolous complaints in

13   order to deter similar conduct in the future.  Defendant, however, has not presented the court with

14   any declarations upon which reasonable attorney's fees and costs can be calculated.  Therefore,

15   the motions must be denied.

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.      Defendant's motions to dismiss (Doc. 26 in case no. CIV S-10-2199-FCD-CMK and Doc. 25 in case no. CIV S-10-2200-FCD-CMK) both be granted; and

2.      All other pending motions be denied;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:   August 24, 2011

                                                            CRAIG M. KELLISON
                                                            UNITED STATES MAGISTRATE JUDGE

11